NOT FOR PUBLICATION (Docket No. 20)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

```
_____
                               :
CONCETTA NORCROSS, et al.,     :
                               :
            Plaintiffs,        :   Civil No. 04-2536 (RBK)
      v.                       :   OPINION
                               :
TOWN OF HAMMONTON, et al.,     :
                               :
            Defendants.        :
_____:
```

**KUGLER,** United States District Judge:

This matter comes before the Court on motion for partial summary judgment by Defendants Town of Hammonton, et al. ("Defendants"), of the claims of Plaintiffs Concetta Norcross, et al. ("Plaintiffs"). For the reasons set forth below Defendants' motion shall be granted.

## I. Background

The above-captioned litigation arises from Defendants' arrest of Plaintiffs Concetta Norcross and Geraldine Singletary on June 29, 2002. Plaintiffs allege excessive force and various common law torts, among other claims. Most importantly for the purpose of the present motion, Plaintiff Robert Singletary ("Plaintiff"), husband of Plaintiff Geraldine Singletary, alleges loss of consortium resulting from the events surrounding the arrest of his wife. Defendants now move for summary judgment of

Plaintiff's consortium claim on the grounds that it is not cognizable under 42 U.S.C. § 1983. Plaintiffs do not oppose.

## II. Standard

Although Defendants raise this matter in the form of a motion for summary judgment, the issue is more appropriately considered as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). A motion for judgment on the pleadings is treated the same as a motion to dismiss under Rule 12(b)(6). Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). The court must accept all allegations in the complaint as true and must draw all inferences in favor of the nonmoving party. Id.; Gallas v. Supreme Ct. of Pennsylvania, 211 F.3d 760, 768 (3d Cir. 2000). The court "may grant such a motion only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. Analysis

Defendants argue that Plaintiff Robert Singletary cannot recover for loss of his wife's companionship and society after her arrest because 42 U.S.C. § 1983 does not provide for

derivative claims, such as loss of consortium.[1]

Although the Third Circuit has yet to resolve the issue,[2] district courts within the Circuit are split over whether § 1983 establishes a cause of action for loss of consortium. See, e.g., Colburn v. City of Philadelphia, 2001 WL 872960, *2 (E.D. Pa. 2001) (rejecting § 1983 claim for loss of consortium without addressing possible deprivation of plaintiff spouse's constitutional rights); Ballas v. City of Reading, 2001 WL 73737 at *7 (E.D. Pa. 2001) (same); Wiers v. Barnes, 925 F.Supp. 1079, 1095 (D. Del. 1996) (same); Quitmeyer v. SEPTA, 740 F. Supp. 363, 370 (E.D. Pa. 1990) (same); but see Pahle v. Colebrookdale Twp., 227 F. Supp. 2d 361, 380-81 (E.D. Pa. 2002) (permitting consortium claim under § 1983); Brodlic v. City of Lebanon, 2005 WL 2250840 *8 (M.D. Pa. 2005) (same).

On the one hand, it is quite clear that third parties lack standing to bring claims under § 1983 for violation of the

---

[1] Section 1983 provides a civil remedy against "any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." Gruenke v. Seip, 225 F.3d 290, 298 (3d Cir. 2000).

[2] See, e.g., Wiers v. Barnes, 925 F. Supp. 1079, 1095 (D. Del. 1996) (noting that the Third Circuit explicitly declined to consider whether a loss of consortium claim could be recognized under § 1983 in Livingstone v. North Belle Vernon Borough, 12 F.3d 1205, 1215 n.10 (3d Cir. 1993) and Kulwicki v. Dawson, 969 F.2d 1454, 1467 and n.15 (3d Cir. 1992)).

constitutional rights of another. Pahle, 227 F. Supp. 2d at 381 ("It is well-established that a spouse . . . has no standing to raise § 1983 claims resting on violations of her husband's constitutional rights."); Estate of Cooper v. Leamer, 705 F. Supp. 1081, 1086 (M.D. Pa. 1989). Disallowing third party claims is consistent with the language of § 1983, which provides that "[e]very person who . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be *liable to the party injured* in an action at law." 42 U.S.C. § 1983 (emphasis added). Nothing in the language of § 1983 contemplates recovery by anyone other than the individual who actually suffered the privation of rights.

However, if an individual possesses a constitutional interest in the consortium of his spouse, state action depriving him of his spouse's services and companionship directly infringes his constitutional rights and is therefore actionable under § 1983. The issue, then, is whether the plaintiff spouse himself maintains a liberty interest in the lost consortium. See, e.g., McCurdy v. Dodd, 352 F.3d 820, 825-26 (3d Cir. 2003) (holding first issue in any case "where liberty interests are asserted as a basis for liability pursuant to § 1983," is "whether the plaintiff has alleged the deprivation of an actual constitutional

right at all") (quoting Butera v. District of Columbia, 235 F.3d 637, 646 (D.C. Cir. 2001).

In Estate of Bailey v. County of York, 768 F.2d 503 (3d Cir. 1985), overruled on other grounds by DeShaney v. Winnebago County Dept. of Soc. Serv., 489 U.S. 189 (1989), the Third Circuit found that a minor child's father possessed a cognizable liberty interest in his child's life and physical safety and could, therefore, pursue a claim for his child's death under § 1983. Id. at 509 n.7. From this decision, at least two district courts have concluded that "the rights of parents and children recognized in the Bailey decision logically extend to spouses," creating a cause of action for "deprivation of consortium without due process of law." Pahle, 227 F. Supp. 2d at 380-811 (holding that "a spouse may assert a claim under § 1983 that the government improperly interfered with her personal right to the services, society and companionship (i.e. consortium) of her husband"); Brodlic v. City of Lebanon, 2005 WL 2250840 *8 (M.D. Pa. 2005) (same).

However, the Third Circuit subsequently distinguished Bailey in McCurdy v. Dodd, 352 F.3d 820 (3d Cir. 2003), concluding that parents had no constitutional interest in the lives or society of their adult children.[3] To so find, the Court reasoned that Bailey

---

[3] Neither Pahle nor Brodlic address the possibility that Bailey's expansive application of § 1983 may be limited to the relationship between parents and children who have not yet

was premised on a very narrow line of Supreme Court "precedents establishing a parental interest in the care, custody, and control of minor children." Id. at 826, 828 (quoting Troxel v. Granville, 530 U.S. 57, 65 (2000)) (noting that the "liberty interest at issue in this case—the interest of parents in the care, custody, and control of their [under-aged] children—is perhaps the oldest of the fundamental liberty interests recognized by this Court"). McCurdy suggests that a constitutional right to familial relationships is the exception rather than the rule, unique to the long-established and revered relationship between parents and minor children.[4] Id.

---

reached the age of majority. Pahle, was decided prior to McCurdy, and Brodlic, although decided subsequently, makes no mention of the Third Circuit's decision.

[4] The McCurdy Court also concluded that "the Due Process Clause only protects against deliberate violations of a parent's fundamental rights—that is, where the state action at issue was specifically aimed at interfering with protected aspects of the parent-child relationship." McCurdy, 352 F.3d at 830. Consequently, even if the McCurdy plaintiff possessed a constitutional interest in the relationship with his adult child, the defendant police officer's actions in shooting and killing the child did not violate the parent's liberty rights because they were not directed at the parent-child relationship. McCurdy, 352 F.3d at 827-28. See also Remillard v. City of Egg Harbor City, 424 F. Supp. 2d 766, 773 (D.N.J. 2006) (finding for defendants because plaintiffs "offer no proofs as to how Defendant Baldi's actions were directed at the parent-child relationship"); Barmo v. Reno, 899 F. Supp. 1375, 1384 (E.D. Pa. 1995) ("She would possess such an interest only if the state action in question were, in some way, 'directly aimed at the parent-child relationship.'") (citations omitted).
  Accordingly, although the Court now grants partial judgment to Defendants on the grounds that there exists no constitutional right to consortium, in the alternative, Defendants are entitled

Moreover, various Circuit Courts have declined to find a constitutional right to consortium, on the grounds that "the United States Supreme Court has never held that the protections of substantive due process extend to claims based on governmental action which affects the family relationship only incidentally." Shaw v. Stroud, 13 F.3d 791, 805 (4th Cir. 1994) (rejecting plaintiff wife's argument that she had a substantive due process claim arising from the death of her husband); Niehus v. Liberio, 973 F.2d 526, 534 (7th Cir. 1992) ("The right to a husband's assistance in raking leaves is not a liberty protected by the Fourteenth Amendment."); Stallworth v. City of Cleveland, 893 F.2d 830, 838 (6th Cir. 1990) ("[T]he relevant jurisdictional statute, 42 U.S.C. § 1983, does not reach [plaintiff's] claim of loss of consortium."). While the Supreme Court has recognized constitutional protection for "rights to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, to bodily integrity, and to abortion," the Court has never sanctioned constitutional protection of consortium. Id. (citations omitted).

To find a constitutional interest in the relationship between spouses, the Pahle Court relied primarily on Supreme

---

to partial judgment because Defendants' actions in arresting Geraldine Singletary were not directed toward the spousal relationship between Plaintiff Robert Singletary and his arrested wife.

Court cases regarding privacy in the marital relationship to conclude that "marital integrity and spousal association" implicate constitutional due process rights. Pahle, 227 F. Supp. 2d at 382 (quoting Maynard v. Hill, 125 U.S. 190, 205 (1888), and Griswold v. Connecticut, 381 U.S. 479, 486 (1965)). However, constitutional protection of privacy is not equivalent to constitutional protection of the relationship; nor is consortium equivalent to marriage. Niehus v. Liberio, 973 F.2d 526 (7th Cir. 1992) (noting that "consortium is not a synonym for marriage. It is the name of the sexual and other services (apart from financial support) that spouses render to each other"). Moreover, the Supreme Court itself has warned that it has "always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended" and "exercise the utmost care whenever we are asked to break new ground in this field." Washington v. Glucksberg, 521 U.S. 702, 720 (1997) (citations omitted); McCurdy v. Dodd, 352 F.3d at 825-26 ("[I]n § 1983 cases grounded on alleged parental liberty interests, we are venturing into the murky area of unenumerated constitutional rights.").

This Court now finds that there exists no constitutional interest in the consortium of one's spouse and deigns to create such a right. Accordingly, Defendants are entitled to judgment of

the claim of Plaintiff Robert Singletary.

The accompanying Order shall issue today.

Dated: 7/13/06                S/Robert B. Kugler
                              ROBERT B. KUGLER
                              United States District Judge